**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GENEVA JANWAY, as a personal representative of the ESTATE OF AARON JANWAY**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LEFLORE COUNTY DETENTION CENTER PUBLIC TRUST, et. al**<br><br>**Respondent.** | **Case No. CIV-23-335-RAW-DES** |

**<u>ORDER</u>**

Before the court is Plaintiff Geneva Janway's Objection and Incorporated Brief in Support Regarding June 24, 2026, Opinion and Order Denying Plaintiff's Motion for Sanctions (Doc. 209) [Dkt. No. 210]. Because the Magistrate Judge's ruling was not clearly erroneous or contrary to law, the court AFFIRMS the Magistrate Judge's Order, OVERRULES Plaintiff's objection [Dkt. No. 210], and DENIES Plaintiff's Motion for Sanctions [Dkt. No. 136].

**BACKGROUND**

Aaron Janway was incarcerated at the LeFlore County Detention Center ("the Jail") from October 2021 through December 2021. Approximately two months after leaving the jail, Mr. Janway died from COVID-19 at Baptist Health Medical Center. Plaintiff Geneva Janway's theory of the case is that the Jail was deliberately indifferent to Mr. Janway's deteriorating medical condition in violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff sued the LeFlore County Detention Center Public Trust

(hereinafter "the Trust") and multiple individual defendants who were also allegedly responsible Mr. Janway's injuries. Plaintiff posits that the Trust's deliberate indifference is evidenced by a pattern of behavior demonstrated by several incidents. One such incident was a medical event that occurred while Mr. Janaway was still in custody, and he collapsed in the shower, requiring emergency medical care.

Plaintiff brought the Motion for Spoliation Sanctions against all Defendants for failing to preserve video from LeFlore County's CCTV from December 21, 2015, that Plaintiff claims would have shown Mr. Janaway's medical deterioration and the subsequent response from jail employees and administrators during the shower incident. The Trust insists that the video at issue no longer exists, but that it was not intentionally deleted. Dkt. No. 166 at 11. Additionally, the Trust claims that the Plaintiff is not prejudiced by the missing video because information regarding the events depicted can be obtained through eyewitness accounts, a cell phone recording of the security video monitors during the incident, written communications, and sworn statements. *Id*.

Magistrate Judge Snow denied Plaintiff's Motion for Sanctions against the Individual Defendants Deihl, Tomlin, and Case ("the Individual Defendants") because the Plaintiff never argued that these Defendants had any duty to preserve the video or even any access to it. Thus, because none of these defendants ever had "possession or control over the missing evidence", sanctions were not appropriate. Dkt. No. 209, citing *Bush* v. *Bowling,* No. 19-CV-00098-GKF-FHM, 2020 WL 5423986.

Magistrate Judge Snow also declined to impose sanctions against the LeFlore County Jail Trust. Here, he found that while the Trust had a duty to preserve the surveillance video and failed to do so, the Plaintiff was not prejudiced by the loss because the missing information from the video is available through other evidence in the record. Dkt. No. 209 at 6. Additionally, the

Magistrate also found that Plaintiff was not entitled to sanctions under Rule 37(e)(2) because she failed to show that the County Trust purposefully destroyed evidence to avoid its litigation obligations. Dkt. No. 209 at 8.

**PLAINTIFF'S OBJECTION**

The Plaintiff raises three objections to the Magistrate Judge's ruling. First, she argues that the finding of no prejudice is clearly erroneous and contrary to the purpose of Rule 37(e)(1). Second, that the court should set aside Magistrate Judge Snow's finding that the missing video recording was not intentionally destroyed because his Order ignores key evidence suggesting the video deletion was not a mere routine overwrite. Dkt. No. 210 at 4. Finally, Plaintiff objects to Magistrate Snow's decision to allow the trial judge to decide whether Plaintiff is allowed to argue to the jury that the Defendants lost or failed to retain the missing video, thereby denying for now relief pursuant to 37(e)(2).

Plaintiff's Rule 72(a) objection does not challenge the Magistrate's ruling as to the Individual Defendants, and it is not clearly erroneous or contrary to law; therefore, the court will not disturb the Magistrate's ruling with respect to the Individual Defendants.

**STANDARD OF REVIEW**

When a magistrate judge rules on a party's non dispositive claim or defense, any adversely affected party may serve and file objections within fourteen days of being served with the magistrate judge's decision. Fed. R. Civ. P. 72(a), 28 U.S.C. § 636(b)(1). The district judge must consider timely objections and set aside any part of the order that is clearly erroneous or contrary to law. *Id*. Even if a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction, the order falls under Rule 72(a) rather than Rule 72(b). *See*

generally *Ocelot Oil Corp*. v. *Sparrow Indus*., 847 F.2d 1458, 1462 (10th Cir.1988); *Gomez* v. *Martin Marietta Corp*., 50 F.3d 1511, 1519–20 (10th Cir. 1995).

Here, the Plaintiff timely objected to Magistrate Judge Snow's order denying Ms. Janway's Rule 37 (e) Motion for Sanction. Because the Magistrate Judge did not impose a dispositive sanction, the court reviews the instant objection under Rule 72 (a).

**LEGAL STANDARD FOR IMPOSING SPOLIATION SANCTIONS**

"Spoliation sanctions are proper when (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Turner* v. *Pub. Serv. Co. of Colo*., 563 F.3d 1136, 1149 (10th Cir. 2009) (internal quotation marks omitted). Rule 37(e) provides, "[i]f electronically stored information that should have been preserved ... is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery" the court may, "upon a finding of prejudice to another party from the loss of the information," "order measures no greater than necessary to cure the prejudice." More severe measures such as default judgment or an adverse inference instruction are only available upon a "finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed. R. Civ. P. 37(e)(2).

Rule 37(e)(1) "does not place a burden of proving or disproving prejudice on one party or the other.... and placing the burden of proving prejudice on the party that did not lose the information may be unfair". Fed. R. Civ. P. 37(e)(1) advisory committee's note to 2015 amendment. Ultimately, however, "[t]he rule leaves judges with discretion to determine how best to assess prejudice in particular cases." *Lakey* v. *Bryant*, No. 25-7068, 2026 WL 1954565, at *12 (10th Cir. July 7, 2026).

**ANALYSIS**

Upon a review of the record, including the Magistrate Judge's Order, the Objection thereto, the Defendants' response, and the parties' initial briefing of the issue, the court finds that the Magistrate Judge's ruling is not clearly erroneous or contrary to law. Plaintiff argues that she faces prejudice because the missing footage is the only source of a "neutral timeline" showing when checks occurred and how long Aaron Janway was left in the shower area before help arrived. Dkt. No. 210 at 3. Plaintiff insists that the witness testimony is not a substitute, because the video would have definitively reinforced the witnesses' statements. Dkt. No. 210 at 4. Plaintiff contends that the Magistrate did not account for the missing CD, the failure to preserve a digital copy despite it being preserved in multiple formats, and the request to wipe the computer.

Because other discovery provides the same information contained in the lost video, the Plaintiff can adequately explain the incident and advance her theory of the case to the jury. Thus, the Magistrate Judge's conclusion that the Plaintiff is not prejudiced was not clearly erroneous or contrary to law. Next, considering Plaintiff's assertion that the video was intentionally deleted, Magistrate Judge Snow's order contemplated the conflicting accounts of different witnesses as to whether the video was ever saved or how it would be overwritten/ deleted. Dkt. No. 212 at 9. Clearly, the Magistrate Judge accounted for Melson's testimony regarding preserving the video and the declaration from Woolery that he burned a CD of the video. Thus, the Plaintiff's contention that the Magistrate did not consider all the relevant evidence fails. Dkt. No. 209 at 6. Additionally, the court finds that the Magistrate Judge accurately concluded that there is insufficient evidence that the video was destroyed intentionally. A gap in the record concerning how the video got deleted does not by itself support the Plaintiff's assertion that the video was intentionally deleted to gain a litigation advantage. Thus, harsh sanctions pursuant to Rule 37(e)(2) are not warranted

on this record. The Plaintiff also objects to Magistrate Judge Snow's decision to defer the issue of admitting evidence or allowing argument concerning the lost video. The court is open to allowing argument or evidence concerning this topic but will defer deciding the exact contours of that ruling until closer to trial.

In sum, the Plaintiff Geneva Janway's Objection and Incorporated Brief in Support Regarding June 24, 2026, Opinion and Order Denying Plaintiff's Motion for Sanctions (Doc. 209) [Dkt. No. 210] is hereby DENIED.

It is therefore ORDERED that Plaintiff's Motion for Sanctions is [Dkt. No. 136] DENIED.

Dated this 20th day of August, 2026.

RONALD A. WHITE
United States Senior District Judge